# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| IN RE: PRE-FILLED PROPANE TANK ANTITRUST LITIGATION<br><br>THIS ORDER RELATES TO: INDIRECT PURCHASER ACTIONS | MDL Docket No. 2567<br><br>Master Case No. 14-2567-MD-W-GAF |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

AmeriGas Partners, L.P. ("AmeriGas"), on the one hand, and Representative Plaintiffs (including Existing Plaintiffs Mario Ortiz, Steven Tseffos, Gary Snow, William S. Vincent, Jr., Josh Bartholow, Hanz De Perio, Eric Blum, Jerry Marshall, Joseph Haala, Scott Zuehlke, Tom Roberts, Wesley McCullough, Dallas May, and Richard Sanchez, and Additional Plaintiffs Greg Roberts and Kevin Marshall), on behalf of themselves and all members of the proposed settlement classes ("Settlement Classes"), on the other hand, have entered into a Stipulation of Settlement, dated November 18, 2020 (the "Stipulation of Settlement").[1]

The Court has reviewed and considered the Stipulation of Settlement together with the other materials that have been submitted in conjunction with the motion for preliminary approval of the settlement that is contemplated by the Stipulation of Settlement, and finds that substantial and sufficient grounds exist for entering this Order.

---

[1] All capitalized terms not defined herein have the meanings set forth in the Stipulation of Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

1. Representative Plaintiffs are granted leave to file their proposed Second Amended Class Action Complaint (Doc. 485-1) solely as to AmeriGas (and not as to Ferrellgas) and solely for purposes of this Settlement, and that Second Amended Class Action Complaint is hereby deemed filed for these purposes.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Court preliminarily certifies the following settlement classes, with the exclusions noted in Paragraph 3 ("Settlement Classes"):

> **Indirect Purchaser Settlement Class**: all Persons who, between December 1, 2009, and the date that this Preliminary Approval Order is entered, in the States of Arizona, California, Iowa, Maine, Michigan, Minnesota, Nevada, New Mexico, North Carolina, North Dakota, South Dakota, Utah, or West Virginia, purchased an AmeriGas or Ferrellgas Propane Tank or paid to exchange their already-purchased Propane Tank for an AmeriGas or Ferrellgas Propane Tank, other than a purchase directly from AmeriGas or Ferrellgas for resale.
>
> **Direct Purchaser Settlement Class**: all Persons who, between December 1, 2009, and the date that this Preliminary Approval Order is entered, in the United States, purchased an AmeriGas or Ferrellgas Propane Tank directly from AmeriGas or Ferrellgas, through a vending machine installed at a retailer or other location or paid AmeriGas or Ferrellgas directly through a vending machine installed at a retailer or other location to exchange an already-purchased Propane Tank for an AmeriGas or Ferrellgas Propane Tank, other than a wholesale purchase for resale.

3. Excluded from the Settlement Classes are AmeriGas, as well as AmeriGas's affiliates, subsidiaries, and parents, and each of their respective directors and officers; any Judge to whom the Litigation is assigned; and Defense counsel and their law firms' partners and employees. Additionally, any Person who timely and validly requests exclusion from the

2

Settlement as provided by the Stipulation of Settlement will be excluded from the Settlement Classes.

4. The Court finds, preliminarily and for purposes of and in the context of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Settlement Classes is impracticable; (b) there are questions of law and fact common to the Settlement Classes; (c) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Classes they seek to represent; (d) the Representative Plaintiffs will fairly and adequately represent the interests of the Settlement Classes; (e) the questions of law and fact common to the members of the Settlement Classes predominate over questions affecting only individual members of the Settlement Classes; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of and in the context of Settlement only, (a) the Existing Plaintiffs and Greg Roberts are certified as the class representatives of the Indirect Purchaser Settlement Class; (b) Kevin Marshall is certified as the class representative of the Direct Purchaser Settlement Class; and (c) Hagens Berman Sobol Shapiro LLP, Stueve Siegel Hanson LLP, and Paynter Law Firm PLLC are hereby appointed as Settlement Class Counsel. Settlement Class Counsel have the authority to enter into the Stipulation of Settlement on behalf of the Settlement Classes and are authorized to act on behalf of the members of the Settlement Classes with respect to all acts or consents required by or that may be given pursuant to the

Stipulation of Settlement or such other acts that are reasonably necessary for them to undertake to consummate the Settlement.

6. The Court preliminarily determines the Settlement is a good faith settlement pursuant to California Code of Civil Procedure sections 877 and 877.6 and meets analogous standards of the laws of other relevant states and therefore bars any state law claims against AmeriGas by joint tortfeasors or co-obligors for contribution or equitable indemnity.

7. A hearing (the "**Fairness Hearing**") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held at the date and time listed in Paragraph 23 of this Order, in Courtroom 8A of the Charles Evan Whittaker United States Courthouse, United States District Court for the Western District of Missouri, Western Division, 400 E. 9th Street, Kansas City, MO 65106. Because of the COVID-19 pandemic, the Fairness Hearing may be continued or changed from an in-person hearing to a hearing by videoconference or teleconference. The Fairness Hearing will be held for the following purposes:

(a) to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b) to finally determine whether the Settlement is a good faith settlement pursuant to California Code of Civil Procedure sections 877 and 877.6 and meets analogous standards of the laws of other relevant states;

(c) to determine whether Judgment as provided under the Stipulation of Settlement should be entered, dismissing the Litigation, on the merits and with prejudice as to AmeriGas, and implementing the release by the Settlement Classes of the Released Persons, as set forth in the Stipulation of Settlement;

(d) to consider the application of Settlement Class Counsel for an award of attorneys' fees and expenses;

(e) to consider Representative Plaintiffs' request for issuance of Incentive Awards; and

(f) to rule upon any other matters as the Court finds appropriate.

8. The Fairness Hearing may be continued without further notice to Class Members. Class Members interested in attending the hearing or their counsel should consult the Court's website or the Claims Administrator's website, or contact the Claims Administrator, to confirm the hearing date and time, and to obtain information respecting court procedures in light of the COVID-19 pandemic, including whether virtual attendance is available.

9. The Court appoints Epiq as the Claims Administrator to fulfill the Claims Administrator duties as outlined in the Stipulation of Settlement.

10. The Court approves the form, substance and requirements of (a) the proposed Class Notice, including the proposed Summary Notice and Long Form Notice attached as Exhibits [] and [], respectively, to the Preliminary Approval Motion, (b) the proposed Notice Program described in the Preliminary Approval Motion, and (c) the proposed Claim Form, attached as Exhibit [] to the Preliminary Approval Motion.

11. The Court finds that the Notice Program (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation and of their right to object to and/or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) meets all applicable requirements of Federal Rule of Civil Procedure 23 and due process.

12. Settlement Class Counsel and the Claims Administrator shall use their best efforts to carry out the Notice Program as described in the Preliminary Approval Motion by the **Notice Date** listed in Paragraph 23 of this Order, including by:

(a) Causing the Summary Notice, Long Form Notice, and the Claim Form, substantially in the form annexed to the Preliminary Approval Motion, to be distributed via publication as set forth in the Notice Program, with expenses to be paid out of the Settlement Fund as provided by the Stipulation of Settlement.

(b) Creating a case-specific website with case information, court documents related to the Stipulation of Settlement, the Notices, and a Claim Form. Additionally, Settlement Class Counsel shall post the Notices and Claim Form on their respective websites.

13. <u>Exclusions/Objections.</u> The Court approves the procedures set forth in the Stipulation of Settlement and the Long-Form Notice for exclusions from and objections to the Settlement. Any Settlement Class Member who wishes to be excluded from the Settlement Class must comply with the terms set forth in the Settlement Agreement and the Long-Form Notice. Settlement Class Members who wish to exclude themselves from ("opt out of") the Settlement must serve on the Administrator a written request for exclusion **("Exclusion Request")** by the **Opt-Out / Exclusion Deadline** listed in Paragraph 23 of this Order, as provided in the Long-Form Notice. Class Counsel shall submit the name, city, and state of residence of all Settlement Class Members who submit timely and valid Exclusion Requests to the Court at the time Class Counsel file their motion for final approval of the Settlement.

14. Any attorney hired by, representing, or assisting (including, but not limited to, by drafting or preparing papers for a Settlement Class Member) a Settlement Class Member or

governmental entity for the purpose of objecting to any term or aspect of the Stipulation of Settlement or intervening in the Litigation and intending to appear at the Fairness Hearing shall mail to the Administrator and file with the Clerk of the Court a notice of appearance no later than the **Opt-Out / Exclusion Deadline** listed in Paragraph 23 of this Order.

15. <u>Objections</u>. Settlement Class Members who wish to object to any aspect of the Settlement must file with the Court a written statement containing their objection (**"Objection"**) by the **Objection Deadline** listed in Paragraph 23 of this Order, as provided in the Class Notice. Any Settlement Class Member who does not make their objection in the manner provided in the Class Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement to the award of attorneys' fees and expenses to Class Counsel, and the Incentive Awards to the Representative Plaintiffs. Class Counsel shall be permitted to depose any objector within 30 days of the filing of the objection. Such deposition shall occur within a reasonable distance of objector's residence (or virtually if appropriate in light of the pandemic) and shall be limited to three hours.

16. The Court approves the provisions for Claim Administration outlined in Section 5 of the Stipulation of Settlement. To make a Claim under the Settlement, a Class Member shall complete and submit a Claim Form as provided in the Stipulation of Settlement and the Long-Form Notice. The Claim Form must be transmitted no later than the **Claim Deadline** listed in Paragraph 23 of this Order.

17. Class Members shall be bound by all determinations and judgments in this Litigation with respect to the claims against AmeriGas, whether favorable or unfavorable,

unless such persons request exclusion from the Settlement in a timely and proper manner, as provided in this Order.

19. Those Class Members whom the Court finds to have submitted timely and valid requests for exclusion shall not be entitled to receive any payment or other benefits of the Settlement and will not be bound by any further orders or judgments entered for or against the Settlement Classes.

19. Settlement Class Counsel shall file a petition for fees, expenses, and incentive awards by the **Fee Petition Deadline** listed in Paragraph 23 of this Order.

20. All papers in support of Final Approval of the Settlement, together with any reply papers by Settlement Class Counsel in support of their Fee Petition, as well as replies to objections to the Settlement, shall be filed on or before the **Reply Deadline** listed in Paragraph 23 of this Order.

21. Pending final determination of whether the Settlement should be approved, all Class Members, and each of them, and anyone who acts or purports to act on their behalf shall not institute, commence or prosecute any action which asserts Released Claims against any of the Released Persons.

22. All deadlines not imposed by this Order are stayed as between Plaintiffs and AmeriGas *nunc pro tunc* to September 4, 2020. In the event that the Settlement is not finally approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms of the Stipulation of Settlement, each party shall be restored to his, her or its respective positions in this Litigation as of September 4, 2020 (including without limitation, that (a) the Second Amended Consolidated Class Action Complaint shall be stricken, without prejudice to Plaintiffs' renewing their motion for leave to file such

8

Case 2:14-cv-04184-GAF   Document 192   Filed 11/30/20   Page 8 of 10

complaint, and the Current Complaints shall be the operative complaints in the Litigation, and (b) the certification of the Settlement Classes shall be vacated. In such event, the terms and provisions of this Stipulation of Settlement and any orders entered pursuant to or for purposes of effectuating the Settlement, including without limitation this Order Preliminarily Approving Settlement and Providing For Notice (other than the terms and provisions relevant to termination in these circumstances), will be treated as vacated *nunc pro tunc,* will have no further force and effect and will not be used in the Litigation, for any purpose, and the Parties shall cooperate with each other in seeking such further orders of the Court, such as a new scheduling order, as are appropriate under the circumstances.

23. The Court directs that the following deadlines are established by this Order. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Classes:

(a) **Notice Date:** January 6, 2021

(b) **Claim Deadline**: March 8, 2021

(c) **Opt-Out / Exclusion Deadline**: March 8, 2021

(d) **Objection Deadline**: March 8, 2021

(e) **Fee Petition Deadline**: February 12, 2021

(f) **Reply Deadline**: March 12, 2021

(g) **Fairness Hearing**: 10:00 a.m., on March 30, 2021.
   (at least 90 days following entry of this Order)

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED:  November 30, 2020November 30, 2020